**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**A T & T MOBILITY, LLC,**

        **Plaintiff,**

**-vs-**                                             **Case No. 6:12-cv-729-Orl-28DAB**

**THE PHONE CARD WAREHOUSE, INC.,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANT THE PHONE CARD WAREHOUSE, INC. (Doc. No. 16)**
>
> **FILED:** August 3, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff, AT&T Mobility LLC ("ATTM") filed suit against Defendant The Phone Card Warehouse, Inc. ("PCW") on May 14, 2012 arising out of PCW's breach of a Confidential Settlement Agreement and Release ("Settlement Agreement"). Doc. 1; Doc. 16-1. Following service of process on the registered agent, Kaushika P. Patel, PCW failed to file any responsive pleading and clerk's default was entered against PCW. Doc. 13, 15. ATTM now moves for a default judgment against PCW and has filed a supporting affidavits (Doc. 16); the matter is now ripe for resolution.

**Analysis**

ATTM moves for default judgment on its claim for breach of contract asserted in the Complaint. Doc. 1. On June 18, 2012, ATTM served PCW with the Complaint and Summons by service on PCW's Registered Agent, Kaushika P. Patel. Doc. 13. PCW has failed to respond to the Complaint.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. *See, e.g., Cotton v. Massachusetts Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact"); *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) (same). "The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F. 3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)).

*A. Background Facts*

ATTM, a wireless communications provider, engages in prepaid cellular telephone service and distributes and sells prepaid cellular telephone airtime cards for use with prepaid cellular service ("Prepaid Cards"). Doc. 1 ¶ 8. PCW periodically purchased Prepaid Cards from ATTM; in June 2008, a dispute arose between ATTM and PCW related to the purchase and sale of Prepaid Cards. *Id.*

On or about November 12, 2008, ATTM filed a lawsuit against PCW in this Court, styled *AT&T Mobility LLC v. The Phone Card Warehouse, Inc.*, Case No. 6:08-cv-1909 (the "First Lawsuit"). Doc. 16-1, Jones Decl. On August 25, 2011, at a court-ordered mediation conference, ATTM and PCW agreed to settle all of the claims and counterclaims raised or that could have been raised in the First Lawsuit. Doc. 16-1. To memorialize the settlement, the parties entered into the

Settlement Agreement, which required PCW to pay ATTM a total sum of $1,500,000 by making the following payments: (1) $250,000 within 5 business days of the Parties executing the agreement; (2) $250,000 on or before October 15, 2011; (3) the remaining $1,000,000 in equal monthly installments of $43,478.26 due and payable on the 15th day of each month beginning on November 15, 2011 and continuing monthly until paid in full. Doc. 1 ¶ 14; Doc. 16-1. Based on the Affidavit of Greg Jones[1] an Associate Director of Revenue Operations, although PCW timely made the first two payments of $250,000, it failed to make two additional payments of $43,278.26 each for the months of November 2011 and December 2011, and no further payments have been made by PCW pursuant to the Settlement Agreement or otherwise in 2012. Doc. 1 ¶ 15-16; Doc. 16-1.

ATTM made repeated requests for payment from PCW and provided PCW notice of its default, however PCW failed to cure the default. Doc. 1 ¶ 15-16; Doc. 16-1. The Settlement Agreement provides that if PCW fails to make a required payment and such failure is not cured within ten (10) days following ATTM's delivery of written notice of default to PCW and to PCW's counsel, all unpaid amounts due to be paid to ATTM automatically become immediately due and payable. Doc. 1 ¶ 18; Doc. 16-1, Settlement Agreement ¶ 2. PCW failed to cure the default within ten days of delivery of ATTM's notice of default. Doc. 1 ¶ 22; Doc. 16-1. Accordingly, all remaining amounts due to be paid to ATTM under the Settlement Agreement automatically became immediately due and payable. Doc. 1 ¶ 20; Doc. 16-1 ¶ 10.

---

[1] Greg Jones is employed by an affiliate of Plaintiff ATTM as Associate Director, Revenue Operations in Atlanta Georgia, and has responsibility for Accounts Receivable Management and Financial Operations for National Retail, National Prepaid and Indirect eCommerce sales channels for ATTM. He is also responsible for collecting all amounts due from PCW under the Settlement Agreement.

As a result of PCW's default under the Settlement Agreement, ATTM filed this lawsuit on May 14, 2012. On June 18, 2012, ATTM served PCW with the Complaint and Summons by serving Sard Patel as a co-resident at the private residence at 13114 Whilshire Run Ct., Orlando, which is the registered agent and principal place of business address for PCW's Registered Agent and officer, Kaushika P. Patel. Pursuant to Florida Statute § 48.031, service may be made on a co-resident within the usual place of abode who resides therein, who is fifteen years of age or older and informed of the contents. Doc. 13; FLA. STAT. § 48.081(3)(b) ("If the address provided for the registered agent, officer, director, or principal place of business is a residence . . . service on the corporation may be made by serving the registered agent, officer, or director in accordance with § 48.031"). PCW failed to timely respond to the Complaint or otherwise appear in the action as required by law. On July 17, 2012, the Clerk of Court entered a Default against Defendant. Doc. 15. PCW owes ATTM $913,043.48 for principal, along with interest, costs, and reasonable attorneys' fees incurred by ATTM in connection with enforcing the Settlement Agreement. Doc. 1 ¶20-21; Doc. 16-1 ¶ 11.

*B. Breach of the Settlement Agreement*

In the Complaint, ATTM asserted a claim for breach of the Settlement Agreement. Doc. 1. As set forth in the Declaration of Greg Jones, PCW breached the Settlement Agreement and owes ATTM $913,043.48 for principal. Pursuant to the Settlement Agreement, ATTM is entitled to interest on that amount, plus costs and reasonable attorneys' fees incurred by ATTM in connection with enforcing the Settlement Agreement. Doc. 16-1.

The last payment received by ATTM from PCW was applied to the December 2011 payment. PCW has failed to make the January 15, 2012 payment and all subsequent payments due under the Settlement Agreement. The Settlement Agreement does not specify a particular rate of interest,

-4-

therefore the applicable rate of interest due under the Settlement Agreement is the statutory rate of 4.75% per annum set by Florida Statute § 687.01. *See Magee v. Maesbury Homes, Inc.*, 2011 WL 1457173, *3 (M.D. Fla. Apr. 15, 2011) (quoting *WPB, Ltd v. Supran*, 720 So.2d 1091, 1093 (Fla. 4th DCA 1998). ATTM therefore is owed $23,407.68 on the principal amount for interest from January 16, 2012 through July 31, 2012, with interest continuing to accrue.

*C. Attorney's Fees*

As of August 3, 2012, ATTM had incurred $5,264.46 in attorneys' fees and $410 in costs for the filing fee ($350) and service of process ($60) to defend and resolve ATTM's claims under the Settlement Agreement. Counsel for ATTM has filed an affidavit and billing records in support showing that 16.3 hours were expended by Christopher M. Paolini at $280 per hour; 1.4 hours by James B. Baldinger at $365 per hour; and 1 hour by a paralegal at $180. Doc. 16-2. ATTM has submitted an affidavit from a fee expert stating that the fee is reasonable. Though the rates for Mr. Baldinger and the paralegal are higher than the Court typically awards, ninety percent of the work was performed by Mr. Paolini, and his rate of $280 is appropriate for a nine-year attorney and shareholder[2].

*D. Summary*

Having reviewed the record in the case, it is respectfully **RECOMMENDED** that ATTM's Motion for Default Judgment be **GRANTED** and default final judgment be entered in ATTM's favor against Defendant PCW for the principal amount of **$941,887.98** under the Settlement Agreement.

---

[2] http://www.carltonfields.com.

ATTM is **DIRECTED** to submit a proposed final judgment with the current calculation of interest sought in this case within 7 days of the date of this Order.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 27, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record